IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 09-CR-306 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE SOLOMON OLIVER, JR. |
| vs. | : | |
| | : | **ROBERT TURNER'S SENTENCING** |
| ROBERT LEE TURNER, | : | **MEMORANDUM** |
| | : | |
| Defendant. | : | |

Robert Turner is 42 years old. He has been in custody since 2009. He submits this memorandum in advance of his resentencing hearing under the First Step Act. *See* Dkt. 270, Order. The factors at his original sentencing supported a shorter sentence than the then-mandatory 20 years that he received. And his exemplary post-sentencing conduct—which both the government and this Court agree are proper considerations, *see* Dkt. 267, Gov't Opp'n at 6; Dkt. 270, Order at 9-10—only further supports a shorter sentence.

Mr. Turner was one of seven co-defendants charged with crack-cocaine offenses. *See* Dkt. 1, 13. He pleaded guilty to two counts of distributing more than five grams of crack cocaine and one count of distributing more than fifty grams of crack cocaine. Dkt. 129. As a career offender, his advisory guidelines range was 262 to 327 months in prison, with a twenty-year mandatory minimum under the crack-cocaine sentencing statutes then in effect. *See* PSR ¶¶ 104-05; 21 U.S.C. §§ 841(b)(1)(A) & 851 (2009).

Mr. Turner's co-defendants all received sentences of 120 months or less. *See* Dkt. 88 (88 months); 99 (110 months); 101 (54 months); 102 (24 months); 103 (5 years' probation); 117 (120 months). Commenting on this disparity, Judge Dowd noted that "[y]ou make a valid argument, as you look at what other people have gotten here, that it probably hasn't been quote fair." Dkt. 132,

1

Sentencing Tr. at 20. Referencing a then-recent homicide case in which the government recommended a 210-month sentence, Judge Dowd again pointed out the unfairness of Mr. Turner's 240-month mandatory minimum, saying, "I have trouble when I balance that sentence against 240 months for this defendant." *Id.* at 22-23.

Nevertheless, constrained by the law at the time, the Court imposed a mandatory-minimum sentence of 240 months in prison and 10 years of supervised release. Dkt. 130. As the Assistant U.S. Attorney said at the time, though, the "major benefit" of Mr. Turner's plea was that "in the future, depending on what Congress ultimately does with the mandatory provisions as it relates to crack . . . [i]f that were to be the case, the mandatory minimums would change and be made retroactive so he would have the benefit of [such a change]." *See* Dkt. 147, 10/13/09 Tr. at 4.

At sentencing, Judge Dowd told Mr. Turner that he had "carefully studied his background and there's no question that he had a most difficult childhood and I suppose if you look at all that he went through it's not surprising that he turned out the way he did." Dkt. 132, Sentencing Tr. at 17. But he expressed the "hope that [Mr. Turner] will use the time while incarcerated to better himself and to prepare for that eventual time when he will be released from custody." *Id.* at 18.

That is exactly what Mr. Turner has done. His progress report describes exemplary post-sentencing conduct. He has worked hard to rehabilitate himself and prepare to rejoin society. He has completed several programs in subjects including Spanish, welding, cleaning, drug education, and release preparation. *See* Ex. A, Summary Reentry Plan – Progress Report; *see also* Ex. B, R. Turner Letter. Other than one instance in 2011, he has received no incident reports. Ex. A, Summary Reentry Plan – Progress Report at 1. He has worked since 2013, first as an Education department tutor and then in a UNICOR factory. *Id.* He has received "outstanding work reports." *Id.* "He has a very high level of quality of the products he is associated with," and has completed

additional UNICOR training (in Quality Inspection), "while maintaining his full time employment." *Id.* "He participates in recommended programs, while maintaining good relationships with staff and other inmates." *Id.* at 2.

His friends and colleagues at FCI Manchester describe Mr. Turner as positive, intelligent, and respected. Spencer Coon explains how, within the often segregated prison system, Mr. Turner "is cut from a different cloth," helping to "break down walls and barriers that have been in the prison system forever" and being "a great example and role model for the younger generations." Ex. C, Coon Letter.

Lawrence Wade, who has known Mr. Turner for six years, call me "a mentor to me, someone I can speak with for advice and I trust what he say," and "a person respected by all nationalities here in the prison and one of the few people that can hold fitness classes where all different races will come together and participate in and we never have any problems because of the respect we all have for him." Ex. D, Wade Letter.

Arthur Gordon tells of how Mr. Turner "took the time out of his day to help myself as well as others," Ex. E, Gordon Letter, while Eric Wells knows him as "a very hard worker and quick learner" who, at his UNICOR job, has "always been quick to help with machines even after he began working in other areas of the factory. At times doing his job as well as others." Ex. F, Wells Letter.

Alvin Narce, who has known Mr. Turner for three years, explains that he has seen Mr. Turner "go out of his way to help others, get their GED, workout and eat right." He describes how they "have talked about family, he always express how he plans on being a father, grandfather and friend once he is home." Mr. Narce has "met many men in prison over the last 19 years, honestly

I only believe ten of them is capable and will be a productive citizen in society, and Mr. Robert Lee Turner, is definitely one of them." Ex. G, Narce Letter.

Outside of prison, Mr. Turner's family and loved ones support him, and plan to continue supporting him when he is released. His daughter Tiajah, now 19 years old, remembers how Mr. Turner "has supported me mentally and emotionally through my life especially through this first pregnancy of mine weather it was just a phone call or a letter of encouragement. I can always count on him for support." She looks forward to rebuilding a life with him: "If and when he's released I plan on him being a part of my life and course his new grandson's. We have so much time to make up I can't wait to hug him it's been so long. I want him to come home and guide my son to grow into the best he can be." Ex. H, Tiajah Turner Letter.

Mr. Turner's oldest son, Trey, remembers how Mr. Turner helped him to read, worked on homework with him, and was a constant presence at football practices and games. "And now that I am a father myself," he writes, "I would love to be able for my sons to share that memory with their grandfather too. . . . I can't wait for him to meet his grandchildren and be that presence in all of our lives again." He plans to offer his father a place to stay and help him secure a job at the factory where he works. Ex. I, Trey Turner Letter.

Holly Lane describes how she has seen Mr. Turner change while in prison. "[H]e has become more introspective and realizes that his actions had profound consequences not only for himself but for his children and loved ones." She also describes how he "has some of the most amazing advice and perspective. He has been my companion through so much in my own life." When he is released, she plans to "be there to help him every step of the way. I will help with the huge culture shock he will face" and "anything I could do to help him never end up back in prison, in front of you, or any other trouble." Ex. J, Lane Letter.

4

Mr. Turner has been in custody since July 10, 2009. As of the date of the upcoming hearing, will have served one day short of 122 months—equivalent to 143 months minus 15% for good time. He has already served longer than any of his co-defendants. In light of his exemplary post-sentencing conduct, he requests that the Court impose a reduced sentence of time served.

        Respectfully submitted,

        STEPHEN C. NEWMAN
        Federal Public Defender
        Ohio Bar No.: 0051928

        */s/ Christian Grostic*
        CHRISTIAN GROSTIC
        Ohio Bar No.: 0084734
        Office of the Federal Public Defender
        1660 W. 2nd Street, Suite 750
        Cleveland, OH 44113
        Telephone:    (216) 522-4856
        E-mail:    christian_grostic@fd.org

        *Attorney for Robert Turner*